UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
DEMOND CHATMAN,                     )
        Petitioner,                 )
                                    )
v.                                  )   Civil Action No. 16-11050-RGS
                                    )
DOUGLAS DEMOURA,                    )
        Respondent.                 )
_____)

## **ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 cases in the United States District Court, Douglas Demoura, the respondent, hereby answers the petition for writ of habeas corpus filed by petitioner Demond Chatman.

| | |
|---|---|
| 1(a). | Admitted.  Further answering, the respondent states that the location of the Suffolk Superior Court is Three Pemberton Square, Boston, Massachusetts 02108. |
| 1(b). | Admitted. |
| 2(a). | Admitted. |
| 2(b). | Admitted. |
| 3. | Admitted.  Further answering, the respondent states that the petitioner was sentenced to the mandatory state prison term of life for his murder conviction. |
| 4. | Admitted. |
| 5. | Left blank by the petitioner. Further answering, the respondent states that the petitioner was convicted on one count of murder in the first degree, M.G.L. c. 265, § 1. |

6(a).        Admitted.

6(b).        Left blank by the petitioner.

6(c).        Admitted.

7.           Admitted.

8.           Admitted.

9(a).        Admitted.

9(b).        Admitted.

9(c).        Admitted.

9(d).        Admitted.

9(e).        Left blank by the petitioner. Further answering, the respondent states the complete citation is *Commonwealth v. Chatman*, 473 Mass. 840, 46 N.E.3d 1010 (2016).

9(f).        Denied. Further answering, the respondent states that the state court record speaks for itself.

9(g).        Left blank by the petitioner.

9(g)(1).     Left blank by the petitioner.

9(g)(2).     Left blank by the petitioner.

9(g)(3).     Left blank by the petitioner.

9(g)(4).     Left blank by the petitioner.

9(g)(5).     Left blank by the petitioner.

9(g)(6).     Left blank by the petitioner.

9(h).        Left blank by the petitioner.

10.          Admitted.

| | |
|---|---|
| 11(a)(1). | Admitted. |
| 11(a)(2). | Admitted. |
| 11(a)(3). | Denied. Further answering, the respondent states that the appeal was filed on December 23, 2002. |
| 11(a)(4). | Denied. Further answering, the respondent states that the petitioner appealed his conviction for murder and the denial of his motion for new trial. |
| 11(a)(5). | Denied. Further answering, the respondent states that the state court record speaks for itself. |
| 11(a)(6). | Left blank by the petitioner. Further answering, the respondent states that the petitioner's motion for a new trial was denied without an evidentiary hearing. |
| 11(a)(7). | Admitted. Further answering, the respondent states that the Massachusetts Supreme Judicial Court ("SJC") vacated the order denying the motion for new trial, and remanded the matter for an evidentiary hearing. The SJC deferred its review of the entire case under M.G.L. c. 278, § 33E pending the decision on the motion for a new trial. |
| 11(a)(8). | Denied. Further answering, the respondent states that the SJC issued the decision on September 3, 2013. |
| 11(b)(1). | Left blank by the Petitioner. |
| 11(b)(2). | Left blank by the Petitioner. |
| 11(b)(3). | Left blank by the Petitioner. |
| 11(b)(4). | Left blank by the Petitioner. |

| | |
|---|---|
| 11(b)(5). | Left blank by the Petitioner. |
| 11(b)(6). | Left blank by the Petitioner. |
| 11(b)(7). | Left blank by the Petitioner. |
| 11(b)(8). | Left blank by the Petitioner. |
| 11(c)(1). | Left blank by the Petitioner. |
| 11(c)(2). | Left blank by the Petitioner. |
| 11(c)(3). | Left blank by the Petitioner. |
| 11(c)(4). | Left blank by the Petitioner. |
| 11(c)(5). | Left blank by the Petitioner. |
| 11(c)(6). | Left blank by the Petitioner. |
| 11(c)(7). | Left blank by the Petitioner. |
| 11(c)(8). | Left blank by the Petitioner. |
| 11(d)(1). | Admitted. |
| 11(d)(2). | Left blank by the Petitioner. |
| 11(d)(3). | Left blank by the Petitioner. |
| 11(e). | Left blank by the Petitioner. |
| 12. | **Ground One**: To the extent that paragraph 12, Ground One of the petition contains allegations of fact, the respondent states that the state court record speaks for itself. Further answering, the respondent denies each and every allegation of fact that does not comport exactly with the state court record of the petitioner's criminal proceedings or the Supreme Judicial Court's elucidation of the facts. Answering further, the respondent states paragraph 12, Ground One, contains conclusions of law that require no |

|       |       |
|-------|-------|
|       | response. Further answering, the respondent states that the petitioner has failed to state a claim upon which relief can be granted. |
| 13(a). | The respondent states paragraph 13 contains conclusions of law that require no response. |
| 13(b). | Left blank by the petitioner. |
| 14.   | Left blank by the petitioner. |
| 15.   | Left blank by the petitioner. |
| 16(a). | Admitted. |
| 16(b). | Admitted. |
| 16(c). | Admitted. |
| 16(d). | Admitted. |
| 16(e). | Admitted. |
| 16(f). | Left blank by the petitioner. |
| 16(g). | Left blank by the petitioner. |
| 17.   | The respondent states that she lacks knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and calls upon the petitioner to prove same. |
| 18.   | Left blank by the petitioner. |

Pursuant to Rule 5(b) of the Rules Governing Section 2254 Cases in the United States District Courts, respondent states that the petitioner's habeas action is defective for the reasons stated in the Affirmative Defenses listed below. The information and/or materials required by Rule 5(c)-(d) and in accordance with this Court's order of June 9, 2016, are contained in Respondent's Supplemental Answer, filed manually pursuant to Local Rule 5.4(g)(1)(e)**.**

### First Defense

The petition should be denied because it fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### Second Defense

The petition should be denied because the decision of the state court was not contrary to, or did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

### Third Defense

The petition should be denied because the decision of the state court was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings, and the petitioner cannot rebut the presumption of correctness of those facts by clear and convincing evidence. *See* 28 U.S.C. §§ 2254(d)(2), (e)(1).

### Fourth Defense

The petition should be denied because it raises questions of State law that do not allege a violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

### Fifth Defense

The petition should be denied because the petitioner's conviction rests on an adequate and independent state law ground.

Respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

/s/ Eva M. Badway
Eva M. Badway (BBO No. 635431)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA 02108
(617) 963 – 2824
eva.badway@state.ma.us

Dated: June 30, 2016

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 30, 2016.

/s/ Eva M. Badway
Eva M. Badway