UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 16-11050-RGS

DEMOND CHATMAN

v.

DOUG DeMOURA

ORDER ON SUPPLEMENTAL MOTION
TO STAY HABEAS CORPUS PETITION

May 8, 2018

STEARNS, D.J.

On January 24, 2002, Petitioner Demond Chatman was convicted by a jury in the Massachusetts Superior Court in Suffolk County of murder in the first degree.  Chatman filed this habeas petition *pro se* in June of 2016, claiming that the verdict resulted from "[v]iolations of the due process clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution [as] he had submitted [to the State] overwhelming evidence that he was in fact not competent at the time [of trial]."  Dkt #1 at 5.  The court set a briefing schedule in July of 2016, prompting Chatman to request a stay while he exhausted his state court remedies.  *See Commonwealth. v. Chatman*, 466 Mass. 327 (2013) (remanding motion for new trial on state competency grounds for evidentiary hearing);

*Commonwealth v. Chatman,* 2014 WL 7927612 (Mass. Sup. Ct. Nov. 25, 2014) (denying motion for new trial after evidentiary hearing); *Commonwealth v. Chatman*, 473 Mass. 840 (2016) (upholding denial of new trial motion after evidentiary hearing).  On July 29, 2016, this court granted the stay requiring Chatman to file a report with the court every sixty days detailing the status of his efforts in state court.  After two years of Chatman's duplicative reports attaching the same 2016 letter,[1] the court ordered Chatman to file a more current update "or this matter will be dismissed without prejudice." 4/24/2018 ORDER - Dkt #40.  On May 7, 2018, Chatman again asked the court to stay the case his Petition in order for him to identify and exhaust his state court remedies as he had been "under the mistaken impression that he was represented by counsel."  Pet'r's Mot. to Stay – Dkt #43 at 1.

Exhaustion of state remedies is a prerequisite for habeas relief.  See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies

---

[1]  The letter that Chatman repeatedly used as an exhibit to each status report was from Attorney Chauncey Wood to AAG Eric Haskell notifying him that while Wood "do[es] not represent Chatman," he was looking at "possible avenues of relief in the underlying murder case." S*ee* Dkts. #23, #29, #32, #35, and #38.

available in the courts of the state . . . ."); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). To exhaust a claim in Massachusetts, a habeas petitioner must present the substance of the claim to the state's highest tribunal, the Supreme Judicial Court. *See Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007). A petitioner, in other words, must give the state court "a fair opportunity" to consider his claims. *Lanigan v. Maloney*, 853 F.2d 40, 42 (1st Cir. 1988). That requirement applies to the facts and federal legal theories – here "[v]iolations of the due process clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution" – underlying each claim. *See Jackson v. Coalter*, 337 F.3d 74, 86 (1st Cir. 2003).

As Chatman has made no progress in the two years since filing this case in exploring his state court remedies, a prerequisite to this court considering his habeas petition, the court <u>DENIES</u> Chatman's motion for a continued stay and <u>DISMISSES</u> his Petition without prejudice to refiling it after exhausting his claims in state court. The Clerk will now close the case.

SO ORDERED.

 /s/Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE